**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

FELIX MEJIAS,
individually and
on behalf of all others similarly situated,

Civil Action No.

Plaintiff,

v.

PARKE ENVIRONMENTAL GROUP INC. d/b/a
RC GROUP INC.

Defendant.

---

## COLLECTIVE ACTION COMPLAINT

---

Named Plaintiff Felix Mejias, by and through his undersigned counsel, file this Collective Action Complaint on his behalf and on behalf of similarly situated current and former employees of Defendant Park Environmental Group Inc. d/b/a RC Group Inc. ("RC Group" or "Defendant") for unpaid wages.

## STATEMENT OF THE CASE

1. Named Plaintiff Mejias and similarly situated current and former employees of the RC Group worked as construction workers in the State of Maine.

2. Per the RC Group's website, RC Group specializes in specialty construction and environmental remediation services.

3. RC Group paid Plaintiff and those similarly situated on an hourly basis the same hourly rate for all hours worked, including work performed after 40 hours in a given week.

4. Defendant violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq*., and Maine labor laws guaranteeing prompt payment of wages, ME. REV. STATE. TIT. 26, §§ 621-A *et seq.*

5. Defendant's violations of the FLSA, and Maine's wage laws were willful and deliberate.

6. Named Plaintiff Mejias asserts claims on behalf of himself and a group of similarly situated individuals who have worked and are working for Defendant as construction workers in the State of Maine for violations of the Fair Labor Standards Act.

7. Named Plaintiff Mejias asserts claims on his own behalf for Defendant's (i) failure to pay all overtime wages due under 26 M.R.S. §§ 664 & 670; (ii) failure to pay wages when due in violation of 26 M.R.S. §§ 621-A & 626-A; (iii) failure to pay wages due upon his termination in violation of 26 M.R.S. §§ 626 & 626-A; and (iv) failure to pay for all hours worked in violation of 26 M.R.S. §§ 626-A & 629.

8. Named Plaintiff Mejias seeks compensation for the Defendant's violations of the FLSA on his own behalf and on behalf of all other similarly situated employees of Defendant and for Defendant's violations of Maine's wage laws on his own behalf.

**PARTIES, JURISDICTION AND VENUE**

9. Plaintiff Mejias is a resident of New York County, New York. Plaintiff Mejias' FLSA Consent to Sue is annexed hereto as Exhibit 1.

10. Defendant RC Group is a Maine corporation with a principal business address of 40 Main Street, Suite 13-140 Biddeford, ME 04005.

11. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

12. Named Plaintiff requests that this Court exercise supplemental jurisdiction over his claims under the laws of Maine, pursuant to 28 U.S.C. § 1367.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because all the events and omissions giving rise to the claims of the named Plaintiff occurred in the District of Maine, and the Defendant is headquartered, conducts substantial business, and/or reside in the state of Maine.

14. Named Plaintiff brings this action on his own behalf and on behalf of a group of all other similarly situated individuals, including all individuals who work and have worked within the State of Maine for RC Group and their related parties as construction workers.

**FACTS**

15. As noted earlier, Defendant RC Group is a construction company that performs business in Maine and New York.

16. Per their website, the RC Group performs roofing, siding, lead abatement and environmental remediation services.

17. Defendant RC Group has over $500,000 in gross receipts per year.

18. From November 2024 through March 2025 and July 2025 through October 2025, Plaintiff Mejias worked as a construction worker on behalf of Defendant.

19. Plaintiff and other similarly situated construction workers, worked on a prevailing wage project on behalf of Defendant.

20. Plaintiff and his similarly situated co-workers, worked at least six days a week and usually worked seven days a week.

21. Plaintiff and his similarly situated co-worker worked 12 hours a day.

22. Plaintiff and his similarly situated co-workers were paid $50 an hour for all hours worked.

23. To circumvent their obligations under the FLSA and Maine labor laws, Defendant paid the first 40 hours via direct deposit with withholdings, but paid the remaining overtime hours by check at the same base rate of $50 per hour, with no overtime premium and without withholdings.

24. Plaintiff similarly situated co-workers were paid in a similar unlawful manner.

**216(b) COLLECTIVE ACTION ALLEGATIONS**

25. Named Plaintiff Mejias asserts his Count I claim under the FLSA pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by RC Group.

26. Pending any modifications necessitated by discovery, the named Plaintiff preliminarily defines the "216(b) Collective" as follows:

> ALL CURRENT AND FORMER EMPLOYEES OF RC GROUP AND THEIR RELATED ENTITIES THAT WERE NOT PAID OVERTIME AT TIME AND ONE HALF FOR WORK PERFORMED AFTER 40 HOURS IN A GIVEN WEEK.

27. All potential 216(b) Collective members are similarly situated because, among other things, they were all employees of RC Group and, upon information and belief, all suffered from the same policies of RC Group, including RC Group's failure to pay them overtime at time and one half for all work performed after 40 hours.

28. All members of the 216(b) Collective are known to the RC Group, are readily identifiable, and can be located though the RC Group's records.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of the Fair Labor Standards Act's Overtime Wage Requirement
### On behalf of the named Plaintiff and all §216(b) Collective Action Plaintiffs

29. The allegations set forth in the previous paragraphs are repeated and realleged as if fully set forth herein.

30. Named Plaintiff Mejias asserts this claim on his own behalf and on behalf of the 216(b) Class.

31. During all times relevant to this count, named Plaintiff Mejias and the 216(b) Class were employed by Defendant RC Group as defined by 29 U.S.C. § 203(g).

32. Defendant failed to pay named Plaintiff Mejias and the 216(b) Collective at a time and a half overtime rate when they worked more than 40 hours in a week.

33. During all times relevant to this action, named Plaintiff Mejias and the 216(b) Class were employed by Defendant RC Group in an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

34. During all times relevant to this action, named Plaintiff Mejias and the 216(b) Class were employed by Defendant RC Group for handling and otherwise working on goods or materials that had been moved in interstate commerce.

35. Defendant RC Group has annual gross revenue in excess of $500,000 and employed two or more persons, including named Plaintiff Mejias, who handled and worked on materials which had been moved in interstate commerce and/or were being prepared for movement in interstate commerce.

36. Named Plaintiff Mejias, and others similarly situated, are individually covered by the Fair Labor Standards Act because they engaged in commerce or in the production of goods for commerce.

37. Named Plaintiff Mejias and those similarly situated are entitled to unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**Failure to Pay Overtime Wages Due under Maine Law**
**26 M.R.S. § 670**
**<u>On behalf of named Plaintiff</u>**

38. The allegations set forth in the previous paragraphs are repeated and realleged as if fully set forth herein.

39. Plaintiff asserts this claim on his own behalf.

40. Defendant employed Plaintiff under 26 M.R.S. §§ 663.

41. Defendant failed to pay Plaintiff minimum wage and overtime under 26 M.R.S. §§ 663 and 664 by failing to pay him for all hours worked and for failing to pay time and a half for all hours worked in excess of 40 in a given week.

42. Accordingly, under 26 M.R.S. § 670 the Defendant is liable to Plaintiff for unpaid wages adjudged to be due, an amount equal to such wages as liquidated damages, and costs of suit including reasonable attorney's fees.

**COUNT III**
**Failure to Pay all Wages Due Upon Termination**
**26 M.R.S. § 626**
**<u>On behalf of named Plaintiff</u>**

43. The allegations set forth in the previous paragraphs are repeated and realleged as if fully set forth herein.

44. Plaintiff asserts this claim on his own behalf.

45. Defendant employed Plaintiff under 26 M.R.S. §§ 626.

46. Defendant failed to pay Plaintiff all wages due upon his termination by the next established payday.

47. Defendant indisputably owed Plaintiff payment of all wages due upon his termination. Such payment was not made by the next established payday, within eight days of the due date.

48. Accordingly, Defendant is liable pursuant to 26 M.R.S. §§ 626 & 626-A for unpaid wages, and, a reasonable rate of interest, costs of suit including reasonable attorneys' fee, and an additional amount equal to twice the amount of unpaid wages as liquidated damages.

**COUNT IV**
**Failure to Pay all Wages**
**26 M.R.S. § 621-A**
**On behalf of named Plaintiff**

49. The allegations set forth in the previous paragraphs are repeated and realleged as if fully set forth herein.

50. Plaintiff asserts this claim on his own behalf.

51. Defendant employed Plaintiff under 26 M.R.S. §§ 621-A.

52. By failing and/or underpaying overtime wages due, Defendant violated the provisions of Maine's Wage Payment Statute, 26 Me. Rev. Stat. § 621-A, by (i) failing to timely pay in full, at regular intervals not to exceed 16 days, all wages earned by Plaintiff; and by (ii) paying wages at less than the previously agreed rate.

53. Accordingly, Defendant is liable pursuant to 26 M.R.S. § 626-A for unpaid wages, and, a reasonable rate of interest, costs of suit including reasonable attorneys' fee, and an additional amount equal to twice the amount of unpaid wages as liquidated damages.

## DEMAND FOR JURY TRIAL

54. Named Plaintiff Mejias demands a jury for all issues so triable.

## PRAYER FOR RELIEF

Named Plaintiff Mejias respectfully requests relief from the Court as follows:

a. Certifying an opt-in class pursuant to the FLSA, 29 U.S.C. §§ 201 et seq.;

b. Providing appropriate notice of this suit and the opportunity to opt into it be to all potential members of the 216(b) Collective;

c. Awarding the named Plaintiff and the 216(b) Collective overtime pursuant to 29 U.S.C. §§ 207, 216;

d. Awarding the named Plaintiff all unpaid wages due pursuant to 29 U.S.C. §§ 206, 216;

e. Awarding the named Plaintiff and the 216(b) Collective costs and attorneys' fees, pursuant to 29 U.S.C. § 216(b);

f. Awarding Plaintiff damages, liquidated damages, pre- and post-judgment interest and/or penalties pursuant to 26 M.R.S.A §§ 626, 626-A & 670;

g. Awarding Plaintiff and the FLSA Collective costs, and attorneys' fees and pre- and post-judgment interest as permitted by law;

h. Awarding Plaintiff damages for breach of contract or unjust enrichment;

i. Such other and further relief as this Court deems just and proper.

Dated: November 3, 2026
Portland, Maine

Respectfully Submitted,

*/s/ Peter Mancuso*

Peter Mancuso, Esq., Bar No. 5521
Andy Schmidt, Esq., Bar No. 5498
Borealis Law, PLLC
97 India St.
Portland, Maine 04101
(207) 619-0884
Andy@maineworkerjustice.com

*/s/Jacob Aronauer*

Jacob Aronauer
The Law Offices of Jacob Aronauer
250 Broadway, Suite 600
New York, NY 10007
*Pro Hac Vice Admission Pending*

*Attorneys for Plaintiff*